UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION



ROBERT VENABLE,

    Plaintiff,

v.

GC SERVICES LIMITED PARTNERSHIP,

    Defendant.

Case No.: **4:14CV102**

PLAINTIFF'S COMPLAINT

## COMPLAINT

ROBERT VENABLE ("Plaintiff"), through his attorneys, alleges the following against GC SERVICES LIMITED PARTNERSHIP, ("Defendant"):

### INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3.    Defendant conducts business in the State of Virginia thereby establishing personal jurisdiction.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5.    Plaintiff is a natural person residing in Lanexa, James City County, Virginia.

6. Plaintiff owes or allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5) and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a business entity with an office located 6330 Gulfton St., Houston, Texas 77081.

8. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

9. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Prior to the filing of this action, an account was placed with Defendant by a non-party to collect monies from Plaintiff alleged to be owed and past due ("debt").

12. The alleged debt arises from transactions on a Citibank credit card which was for personal, family and household purposes.

13. In or around February 2014, Defendant started its attempts to collect the alleged debt which included written letters and placing telephone calls ("collection calls") to Plaintiff on his cellular telephone, at telephone number (757) 741-19xx.

14. In or around April 2014, Defendant placed a collection call to Plaintiff, which he was not able to answer.

15. Accordingly, Defendant recorded a message for Plaintiff which stated:

> Hello, this message is for Robert Venable, my name is (*individual name*), I would appreciate you calling me back. You can reach me at 866-391-0768, extension 5032. Thank you.

16. Defendant left at least two (2) more identical messages for Plaintiff.

17. Defendant stated that its message was for Plaintiff and asked Plaintiff to return the call to telephone number (866) 391-0768, which is a telephone number assigned to Defendant.

18. Defendant message never identified its business name in its message.

19. Defendant's message also failed to inform Plaintiff that it is a debt collector.

20. Defendant's sole purpose in calling Plaintiff and leaving a recorded message was in connection with its attempts to collect the alleged debt.

21. Defendant uses deceptive and misleading in connection with its attempts to collect the alleged debt by not identifying itself, the purpose of its phone calls, or that it is a debt collector.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

22. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to annoy Plaintiff.

   b. Defendant violated § 1692d(6) of the FDCPA by failing to provide Plaintiff with its identity in its messages for Plaintiff;

   c. Defendant violated §1692e(10) of the FDCPA by using deceptive means to attempt to collect the debt; and

   d. Defendant violated §1692e(11) of the FDCPA by failing to disclose in its messages that it is a debt collector.

WHEREFORE, Plaintiff, ROBERT VENABLE, respectfully requests judgment be entered against Defendant, GC SERVICES LIMITED PARTNERSHIP, for the following:

23. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

25. Any other relief that this Honorable Court deems appropriate.

DATED:

RESPECTFULLY SUBMITTED,

By: _____

Richard W. Ferris, Esq.
VSB# 31812
530 East Main Street
Suite 1020
Richmond, VA 23219
(804) 767-1800
(888) 251-6228 FAX
rwferris@ferriswinder.com

4